UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINIQUE PAVAGEAU, | CASE NO. 2:24-cv-00332-LK |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO |
| v. | |
| DELTA AIRLINES, INC. et al., | COMPEL; DISMISSING DELTA IN-FLIGHT SERVICE LEARNING |
| Defendants. | |

This matter comes before the Court on Plaintiff Dominique Pavageau's motion for court-appointed counsel, Dkt. No. 28, and on Defendant Delta Airlines, Inc.'s motion to compel discovery, Dkt. No. 29. For the reasons set forth below, the Court denies the motion for court-appointed counsel and grants the motion to compel discovery. The Court also dismisses Defendant Delta Airlines, In-Flight Service Learning without prejudice because Ms. Pavageau has not served that entity.

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 1

## I.    BACKGROUND

Ms. Pavageau filed her pro se complaint in March 2024. Dkt. No. 1. After the Court granted her motion to amend, Dkt. No. 9, she filed an amended complaint, Dkt. No. 11. She accuses Delta Airlines, Inc. ("Delta"), her current employer, of disability discrimination in violation of the Americans with Disabilities Act of 1990 (the "ADA"). *Id.* at 4–5. She alleges that Delta "failed to interact in the disability accommodation process in a timely ma[nn]er and suspended [her] from flight attendant training the day before [her] graduation." *Id.* at 4. She also contends that "[p]rior to any investigation of the accusations, [she] was labeled a workplace bully." *Id.* Based on these contentions, she asserts ADA claims for failure to promote, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation. *Id.* Her amended complaint also includes an allegation of national origin discrimination, although it does not indicate a statutory basis for that claim. *Id.* at 5; *see also* Dkt. No. 28 at 1 (requesting that the Court appoint counsel under Title VII of the Civil Rights Act of 1964).

On June 13, 2025, Ms. Pavageau filed a motion for court-appointed counsel, Dkt. No. 28, and Delta filed a motion to compel discovery, Dkt. No. 29. Neither party responded to the other party's motion.

## II.    DISCUSSION

The Court has jurisdiction over Ms. Pavageau's claims under the ADA and Title VII pursuant to 28 U.S.C. § 1331.

**A.    The Motion to Appoint Counsel is Denied**

1.    Ms. Pavageau Does Not Currently Meet the Title VII Requirements

Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for" a Title VII plaintiff. When considering a request for counsel for Title VII claims, courts assess the applicant's

1  financial resources, efforts the applicant has already made to secure counsel, and whether the claim

2  has merit. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

3      *Financial resources.* Ms. Pavageau's IFP status and application suggest that she cannot

4  afford to hire an attorney on her own. Dkt. Nos. 1, 3; *see Clark v. Washington State Dep't of*

5  *Health*, No. 2:23-CV-01558-TMC, 2023 WL 8449162, at *1 (W.D. Wash. Dec. 6, 2023). She also

6  states in her motion that she retained an attorney during the EEOC investigation, "at an estimated

7  costs of $11,000," but she "was ultimately unable to continue with that representation or secure

8  new counsel at a cost [she] could reasonably afford." Dkt. No. 28 at 2. This factor weighs in favor

9  of appointing counsel.

10     *Efforts made to secure counsel.* Ms. Pavageau avers that she has "contacted approximately

11  8 to 10 attorneys over the past two years" without success, *id.*, which shows some diligence in

12  securing her own counsel, *Bradshaw*, 662 F.2d at 1319 (finding that a pro se plaintiff had shown

13  reasonable diligence by filing affidavits showing that she had contacted "more than ten attorneys,

14  each of whom declined to represent her except upon financial terms that she was unable to meet");

15  *see also, e.g.*, *Littlejohn v. Kaiser Permanente of Washington*, No. 3:23-CV-06194-TMC, 2024

16  WL 216544, at *1 (W.D. Wash. Jan. 19, 2024) (pro se litigant met this requirement by contacting

17  close to 200 attorneys, none of whom were willing to represent her pro bono). However, Ms.

18  Pavageau does not describe any efforts she has made to secure an attorney on a contingency fee

19  basis. This factor therefore weighs only lightly in favor of the appointment of counsel. *See Reddy*

20  *v. Nuance Commc'ns, Inc.*, No. C 11-05632 PSG, 2013 WL 211242, at *1 (N.D. Cal. Jan. 17,

21  2013), *aff'd*, 584 F. App'x 407 (9th Cir. 2014); *Nielsen v. Bellevue Hosp. Ctr.*, No. 94 CIV. 0774

22  (RWS), 1996 WL 352882, at *6 (S.D.N.Y. June 26, 1996).

23     *Merits of the claim.* On her form complaint, Ms. Pavageau checked the box for "national

24  origin" discrimination and wrote "Seattle, WA." Dkt. No. 11 at 5. The complaint—and the record

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 3

1    as a whole—include no other allegations of national origin discrimination. Consequently, the

2    Court cannot conclude that Ms. Pavageau's Title VII claim is meritorious on the undeveloped,

3    limited record before it. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL

4    4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record

5    whether these claims have a strong likelihood of success on the merits."). And Ms. Pavageau has

6    not otherwise provided any compelling arguments or evidence that this case is likely to succeed

7    on the merits of her ADA or Title VII claims. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016

8    WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). This factor weighs against appointing counsel,

9    and the Court finds that the Title VII factors as a whole weigh against appointing Ms. Pavageau

10   counsel at this stage.

11       2.   No Other Exceptional Circumstances Exist

12       There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem.*

13   *& Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (citation modified). However, in "exceptional

14   circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28

15   U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing former

16   version of statute). Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the

17   ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues

18   involved." *Id.* (citation modified).[1]

19       Exceptional circumstances may exist where litigants have an insufficient grasp of the legal

20   issues involved or are unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp.*

21   _____

22   [1] The Court notes that Section 1915(e)(1) "does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist.*

23   *Court*, 490 U.S. 296, 307 (1989) (Section 1915 does not authorize compulsory appointments); *Dragasits v. Rucker*, No. 18-CV-0512-WQH-AGS, 2021 WL 4710854, at *2 (S.D. Cal. Oct. 8, 2021) ("[T]he statutory authority to recruit

24   civil counsel" does not allow the Court to "force attorneys to represent an indigent civil litigant.").

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL; DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 4

*of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to the relevant case law and litigant's circumstances). "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that [s]he is therefore impeded in h[er] ability to present h[er] case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). This case does not appear to present the type of legally or factually complex issues that would preclude Ms. Pavageau from adequately articulating her claims pro se. Ms. Pavageau has demonstrated that she is able to file pleadings and motions in this case. Additionally, the contents of her filings demonstrate a sufficient grasp of the legal issues involved and an adequate ability to articulate the factual bases of her ADA claims. While she might more articulately set forth the facts underlying her claim with the assistance of counsel, that is not the test. *See Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Moreover, as set forth above, it is too early to assess the merits of her claims. Thus, at this stage of the litigation, the Court cannot find the exceptional circumstances necessary to justify appointment of counsel.

The Court thus denies Ms. Pavageau's motion to appoint counsel, but she may renew her motion at a later time if circumstances change.

**B.    The Motion to Compel is Granted**

1.  Background Facts

Delta seeks an order compelling Ms. Pavageau to provide complete responses to its first set of discovery requests. Dkt. No. 29 at 1. Delta served those requests on Ms. Pavageau on February 7, 2025 (with responses due 30 days later on March 10), and noted her deposition for March 26, 2025. *See* Dkt. No. 30 at 1; *see also* Dkt. No. 30-1 at 2–16 (discovery requests); Dkt. No. 30-1 at 23–25 (Notice of Videotaped Deposition). Months of requests for extensions and delays followed. *See* Dkt. No. 30 at 2–4.

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 5

1    On February 25, Ms. Pavageau requested a two-week extension due to the death of her

2    aunt, and proposed "March 24 for discovery responses and April 9th for [her] deposition[.]" Dkt.

3    No. 30-1 at 27. Delta renoted her deposition for April 16 and agreed to a two-week extension for

4    Ms. Pavageau to provide her discovery responses by March 24. *Id.* at 32. When the March 24

5    deadline passed without responses, Delta's counsel inquired, and Ms. Pavageau responded that she

6    had "the majority of it organized" but had run into "a technical issue regarding only original copies

7    of [her] flight attendant training journals that are spiraled and difficult to copy/scan." *Id.* at 31. She

8    anticipated completing the task by March 31. *Id.* On April 1, Ms. Pavageau professed an illness

9    and requested an additional extension of unspecified duration. *Id.* at 35. Delta extended the

10    deadline for her discovery responses to April 11, *id.* at 37, and while the parties were discussing a

11    proposed resolution of this matter, informed Ms. Pavageau that she could hold off on sending her

12    responses, *id.* at 40. After settlement discussions were not successful, Delta informed Ms.

13    Pavageau that it expected her discovery responses by May 9. Dkt. No. 30 at 3.

14    On May 11, Ms. Pavageau informed Delta that she "experienced an unexpected medical

15    issue," and requested another extension—until May 16—to provide her responses. Dkt. No. 30-1

16    at 53–55. On May 16, Ms. Pavageau provided responses but produced no documents. *Id.* at 50–

17    51.

18    On May 20, Delta's counsel wrote to Ms. Pavageau inquiring about her overdue documents

19    and requesting a supplemental response to Interrogatory No. 7. *Id.* at 48.[2] The same day, Ms.

20    Pavageau produced some documents. Dkt. No. 30 at 3. On May 27, she stated that she was "doing

21    [her] best to ensure that the materials are properly organized, redacted, and labeled for clarity,"

22    and promised "an additional batch" of documents by May 30 "with the remainder to follow shortly

23

24    [2] Interrogatory No. 7 asks Ms. Pavageau to "[i]dentify each diagnosable physical or psychiatric injury, if any, you
allege was caused or exacerbated by Defendant's conduct." *Id.* at 13.

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 6

1    thereafter." Dkt. No. 30-1 at 47. She further stated that she was "currently managing health-related

2    limitations that affect [her] ability to meet deadlines at the same pace as a legal team." *Id.* After

3    Delta requested a specific date by which it would receive complete discovery responses and

4    documents, Ms. Pavageau wrote that she was "16 days away from being completely available to

5    fully engage and complete discovery" because her child needed her "support" in the waning days

6    of 9th grade. *Id.* at 44–46. On June 3, Ms. Pavageau wrote that she had been unable to provide any

7    documents by May 30, as previously promised, due to another death in her family. *Id.* at 43. She

8    also stated that she had "submitted a formal request to the Court for reasonable accommodations,

9    including additional time to meet current deadlines." *Id.* She requested to withdraw some of her

10   previous discovery responses and stated that her "daily responsibilities w[ould] ease after June 18,

11   which w[ould] allow [her] to maintain better consistency moving forward." *Id.* Although she

12   provided some additional documents around this time, she did not provide all responsive

13   documents or a supplemental response to Interrogatory No. 7. Dkt. No. 30 at 4. Delta renoted her

14   deposition for June 13, 2025, Dkt. No. 30-1 at 59, then again for June 23, *id.* at 63.

15        As of the filing of its motion, Delta "ha[d] not received Plaintiff's complete document

16   production, signed verification form, or signed release forms to Defendant's first set of discovery

17   requests." Dkt. No. 30 at 4. Delta certifies that its counsel conferred with Ms. Pavageau by

18   telephone on June 11, 2025 and by email on six separate dates between March 26 and June 2, 2025.

19   Dkt. No. 29 at 2.

20        2.    Ms. Pavageau is Required to Provide Complete Discovery Responses

21        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

22   party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request,

23   the Court should consider "the importance of the issues at stake in the action, the amount in

24   controversy, the parties' relative access to relevant information, the parties' resources, the

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 7

1    importance of the discovery in resolving the issues, and whether the burden or expense of the

2    proposed discovery outweighs its likely benefit." *Id.* Materials need not be admissible in evidence

3    to be discoverable. *Id.* Information is relevant if it is "reasonably calculated to lead to the discovery

4    of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.

5    2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

6    This Court has broad discretion to decide whether to compel disclosure. *Id.* If a party fails to fully

7    respond to a discovery request, the party seeking discovery may bring a motion to compel

8    disclosure or discovery. Fed. R. Civ. P. 37(a).

9          Here, Ms. Pavageau has not responded to the motion, which the Court construes as an

10   admission that it has merit. LCR 7(b)(2). Nor has she disputed that the requested information and

11   documents are relevant.

12         Delta contends that Ms. Pavageau's "failure to timely respond to Defendant's discovery

13   requests is impeding Defendant's ability to defend against Plaintiff's claims and to comply with

14   the Court's scheduling order." Dkt. No. 29 at 6. The Court agrees. Ms. Pavageau's serial

15   postponements and incomplete document productions have delayed Delta's ability to obtain

16   information about her claims for months. Delta still has not been able to obtain her complete

17   discovery responses or take her deposition with complete discovery responses in hand. *See* Dkt.

18   No. 30 at 4. Ms. Pavageau's delays have also jeopardized several quickly approaching deadlines

19   in the Court's scheduling order, including the August 21 deadline for discovery motions and the

20   September 22 deadline for discovery completion. Dkt. No. 26.

21         Ms. Pavageau's request for accommodations does not alter her obligation to provide

22   complete discovery responses. On May 27, 2025, she submitted a request to the Court's Disability

23   Access & Accommodations Coordinator "requesting additional time to meet [her] current

24   deadlines" and asking for a "brief extension." The Coordinator was unable to grant the request but

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 8

informed Ms. Pavageau that if her request pertained to her specific case, she could file a motion requesting relief.[3] Ms. Pavageau has not done so. Even assuming that the requested "brief extension" is a reasonable accommodation, Ms. Pavageau has received a de facto extension of more than two months since she submitted her accommodation request, and more than four months have passed since her responses were originally due on March 10. These lengthy extensions have provided more than adequate time for Ms. Pavageau to gather and produce documents already in her possession.

Moreover, Ms. Pavageau's pro se status does not excuse her obligation to comply with her discovery obligations. *See, e.g.*, *Wolf v. City of Aberdeen*, No. 3:23-cv-05954-TMC, 2024 WL 3917192, at *2 (W.D. Wash. Aug. 23, 2024) (granting motion to compel pro se plaintiff to provide overdue responses to interrogatories and requests for production); *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se parties must comply with procedural requirements like all litigants). Finally, Ms. Pavageau's motion to appoint counsel does not state or imply that she needs counsel to respond to discovery. *See generally* Dkt. No. 28.

Accordingly, the Court grants Delta's motion to compel. The Court also cautions Ms. Pavageau that it may issue sanctions, up to and including dismissal, if she refuses to comply fully with her discovery obligations in violation of applicable law. *See, e.g.*, Fed. R. Civ. P. 37; *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam).

---

[3] Neither the Americans with Disabilities Act nor the Rehabilitation Act applies to the federal courts. *See Murray v. United States Attorney's Off.*, No. 2:25-cv-00259-LK, 2025 WL 774918, at *3 (W.D. Wash. Mar. 11, 2025). Still, the Court may provide certain accommodations for trial participants with communication-related disabilities, https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20Accommodations%20Form.pdf, and Ms. Pavageau may file a motion for relief if needed and consistent with the Federal Rules of Civil Procedure and the Local Civil Rules.

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 9

**C.    The Court Dismisses Delta Airlines, In-Flight Service Learning**

On October 10, 2024, the Court extended the deadline for Ms. Pavageau to serve both Defendants and required her to file proof of service within 60 days. Dkt. No. 16. Ms. Pavageau filed an unsigned proof of service on Delta, Dkt. No. 19-1 at 1, followed by a signed proof of service on Delta, Dkt. No. 20-1 at 1. Neither those filings nor anything else in the record shows that she served Delta Airlines, In-Flight Service Learning. Ms. Pavageau has not requested additional time to serve that entity, and the Court does not find good cause to further extend the deadline to do so. Accordingly, the Court dismisses Delta Airlines, In-Flight Service Learning pursuant to Federal Rule of Civil Procedure 4(m).

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Pavageau's motion for court-appointed counsel, Dkt. No. 28, and GRANTS Delta's motion to compel discovery, Dkt. No. 29. Ms. Pavageau is required to provide full and complete responses to Delta's First Set of Discovery Requests (including all responsive documents) within seven days of the date of this Order.

The Court also DISMISSES Ms. Pavageau's claims against Defendant Delta Airlines, In-Flight Service Learning without prejudice for failure to serve.

Dated this 22nd day of July, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO COMPEL;
DISMISSING DELTA IN-FLIGHT SERVICE LEARNING - 10