UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINIQUE PAVAGEAU,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DELTA AIRLINES, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cv-00332-LK<br><br>ORDER DENYING MOTION TO EXTEND CASE SCHEDULE AND MOTION FOR ACCOMMODATIONS |

This matter comes before the Court on Plaintiff Dominique Pavageau's motion to extend case scheduling deadlines, Dkt. No. 33, and motion for disability-related accommodations, Dkt. No. 34. For the reasons set forth below, the Court denies both motions.

## I.   BACKGROUND

Ms. Pavageau filed her pro se complaint in March 2024. Dkt. No. 1. After the Court granted her motion to amend, Dkt. No. 9, she filed an amended complaint, Dkt. No. 11. She accuses Delta Airlines, Inc. ("Delta"), her current employer, of disability discrimination in violation of the Americans with Disabilities Act of 1990 (the "ADA"). *Id.* at 4–5. She alleges that Delta "failed to interact in the disability accommodation process in a timely ma[nn]er and suspended [her] from

flight attendant training the day before [her] graduation." *Id.* at 4. She also contends that "[p]rior to any investigation of the accusations, [she] was labeled a workplace bully." *Id.* Based on these contentions, she asserts ADA claims for failure to promote, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation. *Id.* Her amended complaint also includes an allegation of national origin discrimination, although it does not indicate a statutory basis for that claim. *Id.* at 5; *see also* Dkt. No. 28 at 1 (requesting that the Court appoint counsel under Title VII of the Civil Rights Act of 1964).

On June 13, 2025, Ms. Pavageau filed a motion for court-appointed counsel, Dkt. No. 28, and Delta filed a motion to compel discovery, Dkt. No. 29. On July 22, 2025, the Court denied Ms. Pavageau's motion for court-appointed counsel and granted Delta's motion to compel, ordering Ms. Pavageau to provide full and complete responses to Delta's discovery requests within seven days of the Court's order. Dkt. No. 32 at 10.

On August 11, 2025, Ms. Pavageau filed her motion to extend case scheduling deadlines, Dkt. No. 33, and motion for accommodations, Dkt. No. 34. Delta opposes both motions. Dkt. Nos. 35–36.

## II.   DISCUSSION

**A.    The Court Denies Ms. Pavageau's Motion for Accommodations**

Ms. Pavageau moves "for reasonable accommodations pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and this Court's inherent authority to manage proceedings in a manner that ensures access to justice." Dkt. No. 34 at 1. She does not identify her disability, but states that she "has been diagnosed with a medical condition that substantially limits one or more major life activities, including the ability to manage stress, process and organize large volumes of documents, and meet tight legal deadlines without health consequences." *Id.* She requests the following accommodations:

1. Additional time to comply with discovery deadlines and respond to communications from opposing counsel.

2. Flexibility in scheduling case-related proceedings.

3. Any other accommodations the Court deems reasonable and appropriate to ensure Plaintiff's continued access to this proceeding.

*Id.* at 1–2. Delta responds that the Court "cannot provide Plaintiff's requested extensions as a reasonable accommodation under the ADA" and must instead "evaluate Plaintiff's request under a good cause standard in conjunction with her Motion to Modify the Scheduling Order." Dkt. No. 36 at 2. It further argues that Ms. Pavageau has not met the good cause standard. *Id.*

Ms. Pavageau filed her reply in support of this motion on September 8, 2025, Dkt. No. 38, more than a week after her reply was due, LCR 7(d)(3). Ms. Pavageau did not file a motion for leave to file her reply late. Pro se litigants "are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and the Court accordingly "expects all parties—pro se and those represented by counsel—to comply with the Court's procedural rules." *Capello v. Sziebert*, No. C13-5275BHS-JRC, 2014 WL 2465283, at *1 (W.D. Wash. June 2, 2014). The Court thus does not consider Ms. Pavageau's late-filed reply, but notes that the result would not change even if the Court considered that brief.[1]

Turning to the substance of the motion, the Court's prior order explained to Ms. Pavageau that the ADA does not apply to the federal courts. Dkt. No. 32 at 9 n.3 (citing *Murray v. United States Attorney's Off.*, No. 2:25-cv-00259-LK, 2025 WL 774918, at *3 (W.D. Wash. Mar. 11, 2025)). Moreover, even assuming that Ms. Pavageau has a disability, she has not established a need for the accommodations she seeks. Her first accommodation request—for additional time to

---

[1] Ms. Pavageau's reply requests that the Court order mediation as an accommodation. Dkt. No. 38 at 1–2. The Court does not consider this new request, to which Delta has had no opportunity to respond. Regardless, Ms. Pavageau has not shown that forcing Delta to mediate is an appropriate accommodation.

ORDER DENYING MOTION TO EXTEND CASE SCHEDULE AND MOTION FOR ACCOMMODATIONS - 3

comply with discovery deadlines and respond to communications from opposing counsel—appears unnecessary when she has already received a de facto months-long extension to respond to Delta's discovery requests as the Court previously noted, Dkt. No. 32 at 9, and she has not expressed an ongoing specific need for any further extension to meet her discovery obligations. Her second and third accommodation requests are untethered to any specific deadlines and are too vague to evaluate. Accordingly, the Court denies Ms. Pavageau's motion for accommodations, and will address her separate request for an extension of the case schedule below under the applicable good cause standard.

**B.     The Court Denies Ms. Pavageau's Motion for an Extension of the Case Schedule**

       1.     <u>Legal Standard</u>

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* In the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6). In evaluating whether a party has been diligent, some courts consider:

whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.

*United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (citation omitted). As the moving party, Ms. Pavageau has the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022).

When a deadline has already passed, as the deadline for expert witness disclosures has here, *see* Dkt. No. 26 at 1, a party must also show "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect focuses on the equities underlying whether to excuse a party's noncompliance. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("conclud[ing] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

2. <u>Ms. Pavageau Has Not Been Diligent</u>

Ms. Pavageau requests a two-month extension of the deadlines to disclose expert and rebuttal witness, complete discovery, and file discovery-related and dispositive motions. Dkt. No. 33 at 2. As justification, she states that she "continues to experience chronic pain, since May 2025, from a lumbar injury sustained during employment with Defendant and will be under evaluation by a spine specialist, with the earliest appointment available on August 14, 2025"; she "has been treated in urgent care twice since May 2025 for pain management"; she has been assisting her mother with post-operative care; she "has suffered the deaths of two close family members in the last 60 days, contributing to grief-related delays"; and her application for court-appointed counsel was denied. Dkt. No. 33 at 2. Delta responds that Ms. Pavageau has not been diligent. Dkt. No. 35 at 4. Delta also notes that Ms. Pavageau waited to file this motion until "barely one month before

the close of discovery on September 22, 2025." *Id.* at n.3. Ms. Pavageau notes in her reply brief that she has served and responded to "dense" discovery requests while parenting a teenager and attending to "therapy appointments[] and health issues[.]" Dkt. No. 37 at 2.

Ms. Pavageau has not demonstrated diligence. Her belated participation in discovery—preceded by a months-long delay—does not demonstrate diligence or good cause for an extension. Nor does her juggling of litigation-related and personal responsibilities distinguish her from any other litigant. Moreover, as Delta notes, Ms. Pavageau's "two urgent care visits over the last four months do not explain why [she] has not complied with the current scheduling order that has been in place *since January 2025*." Dkt. No. 35 at 4. Although Ms. Pavageau has experienced two deaths in her family—seemingly in the winter and spring of 2025, Dkt. No. 30-1 at 27, 43—she fails to explain why she did not seek an extension sooner. And while she references chronic pain, *see* Dkt. No. 33 at 2, she does not explain how the additional time would assist her in litigating this case. *See, e.g.*, *Griepsma v. Andersen*, No. C21-302 LK-TLF, 2022 WL 683214, at *1 (W.D. Wash. Mar. 8, 2022) (denying motion for an extension when plaintiff cited to his permanent hand pain but did "not explain how extra time would help with his permanent condition and his ability to litigate his case"). Ms. Pavageau's lack of diligence is sufficient to deny her motion, *see Johnson*, 975 F.2d at 609, and the Court does so.[2]

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Pavageau's motion to extend case scheduling deadlines, Dkt. No. 33, and her motion for accommodations, Dkt. No. 34. The Court

---

[2] The Court notes two additional issues that weigh in favor of denying the motion. First, Ms. Pavageau's request for a December 22, 2025 deadline for dispositive motions runs afoul of the Court's "120-day rule" for dispositive motions, Dkt. No. 15-1 at 2, and if granted, would leave the Court insufficient time to rule on such motions once briefing was complete. Second, and relatedly, adopting Ms. Pavageau's proposed schedule would require the Court to continue the trial date, prejudicing Delta by prolonging this litigation, which was been pending since March 2024. *See* Dkt. No. 1; *see also* Dkt. No. 35 at 5–6.

ORDER DENYING MOTION TO EXTEND CASE SCHEDULE AND MOTION FOR ACCOMMODATIONS - 6

also directs the Clerk to seal Dkt. No. 38-1 because it contains personal data identifiers. Ms. Pavageau is reminded that she must comply with all Court rules, including Local Civil Rule 5.2 regarding the redaction of such personal information in filings.

Dated this 10th day of September, 2025.

*Lauren King*
Lauren King
United States District Judge