*Pro Se* **Plaintiff :**
Dominique C. Pavageau
4036 S Holly St.
Seattle, WA 98118
Tel: (206) 928-1233
Domthe10@icloud.com

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMINIQUE C. PAVAGEAU, | Case No.: 2:24-cv-00332-LK |
| Plaintiff, | |
| Vs. | **PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT** |
| DELTA AIR LINES, INC. IN-FLIGHT SERVICE LEARNING, | |
| Defendant, | |

### I.     INTRODUCTION:

Defendants ask this Court to resolve disputed factual issues that turn on credibility, intent, and timing. That is not the role of summary judgment. Summary judgment is appropriate only where there are no genuine disputes of material fact, a standard that is not met here. Genuine disputes of material facts exist regarding Plaintiff's disability, the Defendants' knowledge, the adequacy of the interactive process, Plaintiff's qualification with accommodation and whether Defendants stated reasons were pretextual.

### II.     LEGAL STANDARD

PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT - 1
CASE NO.: 2:24-CV-00332-LK

Summary judgment is appropriate only where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Credibility determinations, weighing of evidence, and resolution of competing factual narratives are functions reserved for the jury, not the Court at summary judgment.

### III.     STATEMENT OF MATERIAL FACTS IN DISPUTE

A. Plaintiff had documented medical conditions affecting her anxiety, which limited major life activities including her tolerance for sustained stress. (Pavageau Decl. ¶ 3.)

B. During flight attendant training, Plaintiff informed Delta personnel of her medical limitations and need for accommodation. (Pavageau Decl. ¶ 5.)

C. Plaintiff requested assistance and accommodation related to the physical and mental strain of training. (Pavageau Decl. ¶ 6.)

D. Reasonable accommodations were not meaningfully provided, and the training conditions that exacerbated Plaintiff's symptoms remained unchanged. (Pavageau Decl. ¶ 7.)

E. Plaintiff's physical pain and anxiety worsened during training after accommodation requests were not addressed. (Pavageau Decl. ¶ 8.)

F. Plaintiff remained willing and able to complete training and perform the essential functions of the flight attendant role with reasonable accommodation. (Pavageau Decl. ¶ 9.)

G. The conduct issues cited by Defendants arose in the context of unmanaged medical limitations and increased stress. (Pavageau Decl. ¶ 10.)

H. Plaintiff required medical leave and was approved for long-term disability benefits based on medical restrictions related to her Delta position. (Pavageau Decl. ¶ 13.)

PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT - 2
CASE NO.: 2:24-CV-00332-LK

## IV.    ARGUMENT

**A.  Plaintiff Was Disabled Within the Meaning of the ADA.**

Plaintiff's declaration establishes that she had medical conditions affecting her anxiety that limited major life activities, including prolonged sitting and stress tolerance. Whether these limitations limited Plaintiff during training is a fact-intensive inquiry inappropriate for resolution at summary judgment. Defendants' contrary assertions merely create a factual dispute for the jury.

**B. Defendants' Had Notice of Plaintiff's Disability and Accommodation Requests**

Plaintiff testified that she informed Delta personnel of her medical limitations and requested accommodation during training. Defendants' claim that no such notice occurred is directly contradicted by Plaintiff's declaration. Notice and the sufficiency of accommodation requests are classic questions of fact that cannot be resolved at summary judgment.

**C. Defendants' Failed to Provide Reasonable Accommodation or Engage in the Interactive Process**

Plaintiff requested accommodation related to training conditions that aggravated her medical symptoms. Plaintiff further testified that these requests were not meaningfully addressed and that the same conditions persisted. Whether Defendants engaged in a good-faith interactive process and whether accommodations were reasonable are disputed factual issues for the jury.

**D. Plaintiff Was Qualified to Perform the Essential Functions of the Position with Accommodation**

PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT - 3
CASE NO.: 2:24-CV-00332-LK

DOMINIQUE C. PAVAGEAU
4036 S HOLLY STREET.
SEATTLE, WA 98118

Plaintiff testified that she remained willing and able to perform the essential functions of the flight attendant role with reasonable accommodation. Defendants' assertion that Plaintiff was unqualified rests on disputed assumptions about Plaintiff's limitations absent accommodation. Qualification with accommodation is a factual issue that precludes summary judgment.

### E. Defendants' Conduct-Based Rationale Is Intertwined with Plaintiff's Disability

Defendants' attempt to separate Plaintiff's medical limitations from the conduct issues cited during training. Plaintiff's declaration, however, establishes that her stress responses and difficulty enduring training conditions were related to unmanaged medical limitations and lack of accommodation. Whether Defendants stated reasons were independent of disability, or instead intertwined with it, is a question for the jury.

### F. Causation Is Disputed

Plaintiff testified that her symptoms and treatment worsened after accommodation requests were not addressed and during continued exposure to training conditions that aggravated her medical limitations. The temporal relationship between Defendants' actions and Plaintiff's medical deterioration creates a disputed issue of causation inappropriate for summary judgment.

### G. Plaintiff's Long-Term Disability Status and Other Work Do Not Negate Disability

Plaintiff's long-term disability benefits were based on medical restrictions specific to her Delta position. Plaintiff's ability to perform other work with different physical demands does not negate her disability or Defendants' obligation to provide accommodation. Courts routinely reject attempts to equate limited work capacity in other contexts with the absence of disability.

### H. Summary Judgment Is Inappropriate Because Material Facts Are Disputed

PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT - 4
CASE NO.: 2:24-CV-00332-LK

DOMINIQUE C. PAVAGEAU
4036 S HOLLY STREET.
SEATTLE, WA 98118

Defendants' motion rests on disputed factual assertions regarding disability, notice, accommodation, qualification, causation, and motive. Plaintiff's declaration directly contradicts Defendants' narrative on these material issues. Because resolution of these disputes requires credibility determinations, summary judgment must be denied.

## V.     RULE 56(d) REQUEST (ALTERNATIVE RELIEF)

In the alternative, should the Court determine that the present record is insufficient, Plaintiff respectfully requests relief pursuant to Rule 56(d) as set forth in her accompanying declaration, including deferral of summary judgment to permit limited discovery.

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied. In the alternative, the Court should defer consideration of the motion and permit limited discovery pursuant to Rule 56(d).

Dated: January 9, 2026

*I certify this memorandum contains 1,406 words, in compliance with the Local Civil Rules.*

S/Dominique C. Pavageau
***Pro Se* Plaintiff**
4036 S Holly St.
Seattle, WA 98118
Tel: (206) 928-1233
Domthe10@icloud.com