The Honorable Lauren King
Trial Date: February 17, 2026

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DOMINIQUE C. PAVAGEAU,

    Plaintiff,

v.

DELTA AIR LINES INC.,

    Defendant.

Case No. 2:24-cv-00332-LK

**DEFENDANT DELTA AIR LINES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR:**
January 16, 2026

## I. INTRODUCTION & RELIEF REQUESTED

Lacking evidence to demonstrate the existence of a genuine issue for trial, Plaintiff Dominque Pavageau ("Plaintiff" or "Pavageau") instead relies solely on unsupported, conclusory, and non-specific statements in her self-serving declaration. However, the law is clear: unsupported allegations and personal perceptions cannot overcome summary judgment. *See Potter v. City of Lacey*, 517 F. Supp. 3d 1152, 1159 (W.D. Wash. 2021) ("Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."").

Pavageau's Opposition (ECF No. 54) fails to meaningfully engage with Delta's legal arguments and simply disregards the uncontroverted record. This is because Pavageau cannot, and does not, dispute the truly material facts of this case: (1) *she* caused the breakdown in the interactive process with Delta following her initial request for an accommodation during Delta's Initial Qualification Training Program ("IQ Training"), also known as Flight Attendant Training; (2) *she*

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 1
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

engaged in the unprofessional workplace conduct that resulted in Delta's decision to remove her from IQ Training; and (3) no decisionmaker was aware of her alleged disability or protected activity. In fact, Plaintiff fails to identify a single decision-maker who had knowledge of her alleged disability, her request for accommodation, or her EEOC Charge *and* to whom she attributes any discriminatory or retaliatory animus. Pavageau fails to put forth *any* evidence that Delta's legitimate reason for each employment decision in this case was pretext for some unarticulated and undemonstrated discriminatory or retaliatory animus on the part of some unidentified decision-maker.

Simply put, based on the record, no rational trier of fact could find for Pavageau, and thus the Court should enter summary judgment in favor of Delta and dismiss Pavageau's claims with prejudice.

## II.   ADMITTED AND UNDISPUTED FACTS

Pavageau either expressly admits or does not dispute any of the material facts in Delta's Motion. Accordingly, the Court should consider these facts undisputed for purposes of summary judgment. Indeed, Pavageau does not dispute:

- Pavageau exhibited unprofessional behavior that did not align with Delta's standards during her second attempt at IQ Training. ECF No. 49 at ¶¶ 18–20; ECF No. 49-4; ECF No. 48-1 (Pavageau Dep.) at 123:1–124:7, 126:5–22.
- On August 30, 2021, Delta received a complaint from a third-party shuttle driver, reporting that Pavageau engaged in loud, inappropriate behavior toward him. ECF No. 49-4, p. 5.
- At no time during her meeting on August 31, 2021, with Delta's In-Flight Service Learning ("IFSL") Program Manager Jennifer Anderson and IFSL Operations and General Manager Timithia Cofer to address these conduct concerns did Pavageau disclose any purported disability or request an accommodation. ECF No. 49 at ¶ 20.
- Pavageau admitted her conduct was "perceived" "as distasteful" and inappropriate and that she understood Delta's professionalism expectations. ECF No. 49-5; ECF No. 48-1

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 2
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

(Pavageau Dep.) at 140:16–24.

- On September 29, 2021, Delta received *seven peer complaints* describing Pavageau as dishonest, "erratic and unpredictable," a "bully," and a "danger and liability to crew members, passengers, and Delta Air Lines." ECF No. 49 at ¶¶ 22-23; ECF No. 49-6.

- Pavageau arrived late for training twice, failed to bring her cell phone (which was needed for system access), and moved out of company-provided housing without notifying leadership, as required. ECF No. 49 at ¶ 24.

- Pavageau *admitted these violations* in a written statement. ECF No. 49-7.

- Due to the ongoing issues with her performance and conduct, IFSL leadership determined that Pavageau failed to comport her conduct to Delta's core values and removed her from IQ Training. ECF No. 49 at ¶¶ 18–27.

- On August 30, 2021, Pavageau contacted Delta's Accommodation Department to request accommodation for anxiety during IQ Training in the form of one-on-one mockups and constructive feedback to be provided at the end of class. ECF No. 48-1 (Pavageau Dep.) at 168:2–14; ECF No. 48-4.

- On September 3, 2021, Pavageau submitted Delta's form accommodation paperwork. ECF No. 48-1 (Pavageau Dep.) at 177:24–178:19; ECF No. 48-5.

- On September 23, 2021, Workplace Accommodations Manager Henrietta Archie left a voicemail for Pavageau to discuss her accommodation request. ECF No. 48-1 (Pavageau Dep.) at 191:25–192:11; ECF No. 48-6; ECF No. 50 at ¶ 8.

- On September 24, 2021, Ms. Archie sent a follow-up email to Pavageau's Delta e-mail address (i.e., the same email address used to submit her accommodation request), again asking her to respond as soon as possible. ECF No. 50 at ¶ 9; ECF No. 50-2.

- Pavageau understood her duty to engage in the accommodation process but never returned Ms. Archie's calls or attempted to engage in the interactive process with anyone else at Delta. ECF No. 48-1 (Pavageau Dep.) at 193:21–22; 197:22–198:1; ECF No. 50 at ¶¶ 9–10.

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 3
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

- Pavageau never discussed her requested accommodation with her IQ Training instructors or any other disability-related concerns. ECF No. 48-1 (Pavageau Dep.) at 176:15–21.
- There is no record in her application files indicating that she requested or required a medical accommodation or that she filed the March 2022 Charge. ECF No. 51 at ¶ 9.
- Pavageau did not tell any hiring managers about either EEOC Charge,[1] nor does she have any evidence that the hiring managers knew about either EEOC Charge. ECF No. 48-1 (Pavageau Dep.) at 230:18–25.
- There is no evidence that any hiring manager knew of her prior accommodation request. *Id.*; ECF No. 52 at ¶¶ 12–13.
- There is no evidence of pretext other than Pavageau's personal belief. ECF No. 48-1 (Pavageau Dep.) at 176:15–21; 231:20–232:3; 140:16–24.

### III.   ARGUMENT IN REPLY

**A.   Pavageau Has Abandoned Her National Origin and Retaliation Claims.**

Pavageau's Opposition fails to address her national origin discrimination or retaliation claims. *See, generally,* ECF No. 54. She offers no evidence to support either claim or to dispute the evidence presented by Delta. *Id.*; ECF. No. 54-1. Indeed, the record contains none. By failing to respond to these claims at all, Pavageau has abandoned them, and Delta is entitled to summary judgment on both. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."); *Ramirez v. Ghilotti Bros. Inc.*, 941 F.Supp.2d 1197, 1210 (N.D. Cal. 2013) (deeming argument was conceded where the defendant failed to address it in its opposition); *Armstrong v. Cnty. of Kitsap*, Case No. C04-5461 RBL, 2006 U.S. Dist. LEXIS 80306, 2006 WL 3192518, at *5 (W.D. Wash., Nov. 2, 2009) ("Failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim.").

---

[1] The First EEOC Charge and Second EEOC Charge collectively are referred to as "EEOC Charges."

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 4
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

1    Should the Court find that Pavageau did not abandon her national origin discrimination
2  claim, the claim still must be dismissed because she has not identified a protected class. Moreover,
3  Pavageau does she present any evidence that she was qualified for the positions to which she applied,
4  including as a Flight Attendant. *Lui v. DeJoy*, 129 F.4th 770, 777 (9th Cir. 2025). Pavageau's
5  testimony is unequivocal that her national origin claim is premised upon her residency in Seattle.
6  ECF No. 48-1 (Pavageau Dep.) at 19:16–20:14. The Ninth Circuit has long held that the term
7  "national origin" refers to the country where a person was form, or more broadly, from which their
8  ancestors came. *Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.*, 154 F.3d 1117, 1119
9  (9th Cir. 1998)(citing *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973)). Pavageau has not
10 identified either and therefore, this claim must be dismissed.

11   Similarly, should the Cout find that Pavageau did not abandon her retaliation claims, these
12 claims should nonetheless be dismissed for the reasons stated in Delta's Motion. Specifically, there
13 is no evidence of any causal connection between her disability accommodation request and her
14 suspension from IQ Training in September 2021. In fact, Pavageau herself admits that she never
15 informed her instructors of IFSL leadership about her alleged disability or request for an
16 accommodation. ECF No. 48-1 (Pavageau Dep.) at 176:15–21. Likewise, there is no evidence of any
17 causal connection between her first EEOC charge and Delta's hiring decisions because again,
18 Pavageau admits that there is no evidence that the hiring managers knew of her protected activity.
19 ECF No. 48-1 (Pavageau Dep.) at 230:18–25. Therefore, these claims must be dismissed.

### B. Pavageau Cannot Create a Genuine Issue of Material Fact on Her Disability Discrimination and Failure-to-Accommodate Claims with Conflicting, Conclusory, Uncorroborated Statements

Pavageau attempts to avoid summary judgment on her disability discrimination and failure-to-accommodate claims by submitting a self-serving declaration replete with vague, conclusory assertions that misrepresent—and directly contradict—her own sworn deposition testimony. ECF No. 54-1. The law does not permit this.

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 5
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

"When a properly supported motion for summary judgment has been presented, the adverse party 'may not rely merely on allegations or denials' in its pleadings." *Richards v. City of Seattle*, No. C07-1022Z, 2008 WL 2570668, at *7 (W.D. Wash. June 26, 2008), *aff'd*, 342 Fed. Appx. 289 (9th Cir. 2009)(unpublished)(citing Fed.R.Civ.P. 56(e)). "The non-moving party must set forth **specific facts** demonstrating the existence of a genuine issue for trial." *Id.* (Emphasis added). "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement, or by asserting 'some metaphysical doubt' as to the material facts." *Id.* (citing *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999)). In other words, a litigant—in this case, Pavageau—may not create "sham issues of fact" by submitting a declaration including allegations appearing for the first time in the declaration and contradicting her deposition testimony. *See, e.g., Burrell v. Star Nursery, Inc.,* 170 F.3d 951, 955 (9th Cir. 1999); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (noting that courts "have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."). "'[S]ham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment" is thus properly disregarded on summary judgment because allowing "a party who has been examined at length on deposition [to] raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony . . . would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991).

Pavageau's declaration, *see* ECF 54-1, is nothing more than a clumsy effort to concoct evidence to support her baseless claims through non-specific, conclusory statements, without any supporting evidence or explanation to resolve conflicts with her prior testimony.

For the first time in her declaration, Pavageau claims that she experienced "physical pain"

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 6
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

that required an accommodation. *See* ECF No. 54-1 at ¶¶ 4, 6, 8, 11. However, Pavageau testified unequivocally that the only disability at issue is her alleged "generalized anxiety disorder" and that she neither requested nor needed an accommodation for any back injury. Deposition of Dominique Pavageau (Exhibit A to Supplemental Declaration of Anne E. Reuben ("Supp. Reuben Dec.")) ("Pavageau Dep.") at 19:10-15; 203:7-20.

She now asserts that Delta was generally aware of her condition during IQ Training. ECF No. 54-1 at ¶ 5. This, too, directly contradicts by her prior testimony that no Delta decision-maker knew of her disability or any accommodation request. ECF No. 48-1 (Pavageau Dep.) at 92:12–18; 176:15–21; 230:18–25. Pavageau identifies no individual with such knowledge, nor any link between her alleged condition and the decision to suspend her from IQ Training.

Notably, Pavageau does not dispute the complaints of her peers documenting her unprofessional conduct. Instead, she now speculates that her behavior was caused by stress and lack of accommodation. ECF No. 54-1 at ¶ 10. Not only is this conclusory statement not supported by any competent evidence, but it ignores Pavageau's prior testimony that *she* (*not Delta*) disengaged in the accommodation process and that she never informed IQ Training personnel of any disability-related issues. In other words, while Pavageau may now feel like her unprofessional conduct was an expression of anxiety, there is no evidence that is in fact the case or that anyone at Delta perceived it at such. Again, there is simply no record evidence that supports even an inference that anyone at Delta, let alone a specific decision-maker, held any discriminatory or retaliatory animus against Pavageau based on her alleged disability or request for accommodation.

Accordingly, Delta moves the Court to strike Plaintiff's conflicting declaration testimony and requests that the Court not consider any aspect of it in relation to this Motion.

### C. Pavageau Misstates the Burden on Engaging in the Interactive Process.

Pavageau identifies no disputed facts to support her failure-to-accommodate claim. Instead, she simply states in conclusory fashion that Delta did not provide a reasonable accommodation. ECF

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 7
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

No. 54-1 at ¶ 7. In doing so, Pavageau ignores *her* duty to engage in the interactive process and presents no evidence that *Delta*, rather than she, caused any breakdown in process. ECF No. 54. The undisputed record shows the opposite.

Pavageau admitted that Delta's Accommodations Department contacted her by phone and email to engage in the interactive process. ECF No. 48-1 (Pavageau Dep.) at 191:25–192:11. She understood her duty to engage, yet she never responded, never followed up, and never contacted the Delta's Accommodations Department again. *Id.* at 193:21–22; 197:22–198:1. Finally, Plaintiff testified she did not disclose any purported disability to IFSL leadership or any IQ Training coordinators, nor did she request an accommodation from them. *Id.* at 176:15–21.

Because Pavageau offers no evidence that she engaged in the interactive process - or that Delta failed to do so - she cannot establish a prima facie failure-to-accommodate claim. As she concedes the essential facts demonstrating her own failure to participate in the interactive process, this claim must be dismissed.

### D. Pavageau Cannot Show that Delta's Legitimate Reason for Her Removal from IQ Training was Pretextual.

Pavageau does not identify any evidence supporting a prima facie case of disability discrimination. She also offers no direct or circumstantial evidence of discrimination suggesting Delta's stated reason for removing her from IQ Training was pretextual or motivated by discriminatory animus based on Pavageau's disability.

As she admits, none of the individuals involved in the decision knew of her alleged disability or any request for accommodation. Without such knowledge, discriminatory intent to impossible – Pavageau's unprofessional conduct and failure to meet comportment statements stand unrefuted. Because Pavageau cannot show that this legitimate, non-discriminatory reason was pretextual, her disability discrimination claim must therefore be dismissed.

### E. Pavageau's Request for Relief Under 56(d) Should be Denied

Pavageau's *second* tactic to avoid summary judgment is to seek relief pursuant to Rule 56(d)

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 8
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

for additional time to conduct discovery. ECF No. 54, p. 5; ECF No. 54-2. However, Pavageau fails to meet the requirements for such relief. *West v. Sunnyvale/Santa Clara El Pollo Loco*, No. 24-CV-01840-HSG, 2025 WL 2969308, at *3 (N.D. Cal. Oct. 21, 2025), *reconsideration denied*, No. 24-CV-01840-HSG, 2026 WL 21758 (N.D. Cal. Jan. 5, 2026).[2]

Pavageau filed her original Complaint on March 12, 2024. ECF 1-1. This Court then set the discovery deadline approximately eighteen months later, on September 22, 2025. ECF 26. During that time, Pavageau failed to diligently pursue discovery and did not take a single deposition. Further, her declaration, ECF No. 54-2, does not identify any specific facts she hopes to obtain, does not explain why facts exist, and does not show how they would preclude summary judgment.

Finally, this Court already noted that "she has already received a de-facto months-long extension…." ECF 40. Since Pavageau failed to diligently pursue discovery and because she failed identify any essential, missing facts, her request for Rule 56(d) relief should be denied.

### IV.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court enter summary judgment in its favor as to all of Plaintiff's claims and dismiss Plaintiff's Complaint in its entirety with prejudice.

/ / /

/ / /

/ / /

---

[2] "A party seeking relief under Rule 56(d) must show (1) that they have set forth in affidavit form the ***specific*** facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *West*, at *3 (N.D. Cal. Oct. 21, 2025). Plaintiff must have also diligently pursued the requested discovery. *Id.*

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 9
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

Dated: January 16, 2026

*I certify that this memorandum contains 3038 words, in compliance with the Local Civil Rules.*

*/s/ Anne E. Reuben*
Anne E. Reuben, WSBA #53299
areuben@littler.com
Nina Stroescu, WSBA #60361
nstroescu@littler.com
Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Attorneys for Defendant

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 10
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on January 16, 2026, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual who has opted in for e-service:

**Pro Se Plaintiff**

Dominique C. Pavageau
4036 S Holly St.
Seattle, WA 98118
Tel: (206) 928-1233
Domthe10@icloud.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Dated January 16, 2026.

*s/ Liana Natividad*
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

4926-2866-1383 / 105518.1028

DEF'S REPLY ISO ITS MOTION FOR SUMMARY JUDGMENT - 11
CASE NO. 2:24-CV-00332-LK

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300